No. 50424.—Protests 104797–K, etc., of Canada Dry Ginger Ale, Inc. (New York).

Opinion by KEEFE, J. At the trial it was established that the merchandise was short landed and the reports of the customs inspectors corroborated such shortage. Since the affidavit of shortage required by article 812, Customs Regulations of 1937, was not filed within the 30-day period provided therefor, Government contended that the failure to comply with said article prohibited a decision in plaintiff's favor. In *Joseph Dixon Crucible Co.* v. *United States* (14 Cust. Ct. 71, C. D. 914), it was held that evidence may be presented before this court to establish shortage even though the importer failed to comply with article 812, *supra*. In accordance therewith it was held that the plaintiff is entitled to an allowance in duties upon the whiskies not landed. The protests were therefore sustained as claimed.

No. 50425.—Protests 13387–K, etc., of Davies, Turner & Co. et al. (Philadelphia).

Opinion by KEEFE, J. In accordance with stipulation of counsel that the merchandise consists of dog food similar in all material respects to that the subject of *Corporacion Argentina de Productores de Carnes* v. *United States* (32 C. C. P. A. 175, C. A. D. 304), which record was incorporated herein, the protests were sustained as claimed.

No. 50426.—Protest 99417–K of Olive Read Creations (Los Angeles).

Opinion by KEEFE, J. At the trial plaintiff's witness testified that he had personally ordered the pig banks and pig boxes and had visited the Indians who make them; that they use the ordinary adobe mud dug out of their yards, mix it with water, and put it on a half-shaped hard adobe mold, thereafter removing it from the mold to dry in the sun; and that the articles are gray or light tan in color because of the color of the adobe mud or clay, being unwashed, unmixed, and not artificially colored. From the testimony it was held that the merchandise in question is properly dutiable at 15 percent under paragraph 210, as claimed.